## SULLIVAN v. TOLIN.

(Supreme Court, Appellate Term. March 2, 1906.)

WORK AND LABOR—EVIDENCE—SUFFICIENCY.

In an action for work, labor, and services performed and materials furnished, evidence *held* insufficient to entitle plaintiff to recover.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by Francis Sullivan against William N. Tolin. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before SCOTT, P. J., and GIEGERICH and GREENBAUM, JJ.

Richard T. White, for appellant.

GREENBAUM, J. This action was brought for work, labor, and services performed and materials furnished. The plaintiff had a general contract with the city of New York for the erection of a school building, which included everything but the electrical work, the plumbing, and steam fitting. The defendant did the steam fitting for the building under a contract with the city. It appears that after the plaintiff had completed the plastering work on the upper floors of the building, and after the defendant had put in the risers forming part of the heating plant, the position of certain of these risers was shifted, necessitating the breaking of the plaster for openings through which the risers were fitted and consequent replastering. Whether the rearrangement of the risers was due to a mistake or negligence on the part of the defendant or his servants, or because the city authorities desired the change, is not made apparent; nor does it appear that the plaintiff was legally obligated to repair the broken plaster resulting from a shifting of the risers. The only testimony bearing upon the obligation of the defendant to repair the damage to the plaster is that given by plaintiff, but denied by defendant, to the effect that plaintiff, defendant, and his foreman on one occasion went through the building to see which of the risers had been moved, and that the defendant then said, "We have got a right to fix this and pay for them." Whether this was an admission of liability for carelessness of his men, or of his obligation to the city under his contract, is not clear, but it seems perfectly plain that no contract between the plaintiff and defendant can be implied from the language quoted. The contractual obligations of the respective parties towards the city of New York were defined in written contracts, and it was not shown that plaintiff was responsible for the acts of defendant in changing the position of the risers. Aside, therefore, from the inadequacy of the evidence of the fair and reasonable value of the alleged work performed, I find no basis for permitting a recovery against the defendant upon the proofs.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.